Speir, J. (Dissenting).
Whether the deceased was guilty of contributive negligence, even if he was told to-stay at his chain by the defendants, and did not remain at that post, must depend upon the question as to whether he also acted as a flagman with the knowledge of the defendants. It appeared that he had a white flag in his hands at the time, which was given to-him by the defendant’s agent. If he had the white flag in his hands, which was used by him to signify that' everything was in proper condition when the-train was approaching, then it is reasonable and sensible to suppose he would be justified in leaving his post at the chain if necessary to show his wliité signal.
The evidence is plain, and repeated several times, that the deceased was killed between the side tracks and the main tracks of the road. It is then not certain but he may have been hit by the car, which, it is admitted,, ran against the freight cars standing on the side track. At any rate, it is not proven in what precise way he lost his life. In such a case I think it is going too far to-infer he had by his own act contributed to the accident.
The offer was made to show that the flagman had to-cross the tracks for the purpose of stopping trains, and for the purpose of flagging trains, and to warn people-of danger, and that it was their duty to do so. This-was not permitted. The answer of the witness, “ that he had seen the deceased flag trains dozens of times,”' was stricken out on motion. If the defendant put flags-into his hands, he was practically a flagman, whether *423 that was his special duty or not. I think it was error to refuse testimony that flagmen were constantly in the habit of stopping and flagging trains with the knowledge of the company, and the question of contributive negligence should have been submitted to the jury. I am of the opinion that a new trial should be granted, with costs to the appellants to abide the event.